USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1689 UNITED STATES OF AMERICA, Appellee, v. ANTONIUS TURNER, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Boudin, Stahl and Lynch, Circuit Judges. ______________ ____________________ Kevin S. Nixon on brief for appellant. ______________ Antonius Turner on supplemental brief pro se. _______________ Donald K. Stern, United States Attorney, and Carmen M. Ortiz, ________________ ________________ Assistant U.S. Attorney, on brief for appellee. ____________________ January 21, 1998 ____________________ Per Curiam. After a thorough review of the record and __________ the briefs submitted by the parties, we affirm. Appellant Antonius Turner ("Turner") challenges the district court's denial of his motion to suppress evidence seized from his car during a traffic stop. He contends the officers who stopped him lacked a "reasonable suspicion" that he was engaged in criminal activity, see Delaware v. Prouse, 440 U.S. 648, 663 ___ __________________ (1979), but we disagree. Given Turner's long history of driving without a license and ignoring warnings that his failure to obtain a license would result in his arrest--a history with which the arresting officer was quite familiar-- it was manifestly reasonable for the officer to assume Turner was persisting in his failure to obtain a driver's license. Turner has filed a supplemental brief pro se which ___ __ raises a number of additional issues, but his arguments fail. Even if the district court did not fully comply with Fed.R.Crim.P. 11 when it accepted his guilty plea, we find that any error was harmless, since Turner fully understood the quantity of drugs to which he was admitting and the sentence upon which the parties had agreed. Fed.R.Crim.P. 11(h). Further, we see no evidence in the record that his plea was involuntary. His claim that his sentence violated the eighth amendment was not preserved for appeal, and nowhere in the record does it appear that Turner ever objected to the probation officer's statement that the -2- substance at issue was cocaine base, or that he made any other objections to the Presentence Report. By pleading guilty, he waived his right to challenge any speedy trial violation. United States v. Cordero, 42 F.3d 697, 698-99 _________________________ (1st Cir. 1994). We do not reach any conclusion regarding the merits of his ineffective assistance claim, since the record on this issue is not fully developed. United States _____________ v. Carrington, 96 F.3d 1, 6 (1st Cir. 1996). Turner may _____________ raise this issue by filing a motion pursuant to 28 U.S.C.  2255 in the district court. The motion should be supported by a signed affidavit from Turner stating at a minimum whether his attorney advised him before his guilty plea of the results of the second weighing of the cocaine seized from him on the night of his arrest. Affirmed. Loc. R. 27.1. _________ -3-